UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 08-00362 DDP |
| | ) | |
| Plaintiff, | ) | **ORDER STAYING THE CASE** |
| | ) | |
| v. | ) | [Government's Motion to Stay |
| | ) | filed on May 21, 2008] |
| DANIEL FLYNN, | ) | |
| | ) | [Defendant's Motion to Dismiss |
| Defendant. | ) | the Indictment filed on May 21, |
| | ) | 2008] |
| | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Dismiss the Indictment and the Government's Motion to Stay Proceedings. After considering the papers submitted by the parties and hearing oral argument, the Court stays proceedings in this case pending the outcome of Defendant Flynn's Ninth Circuit appeal. The Court, therefore, defers ruling on Defendant Flynn's Motion to Dismiss the Indictment.

**I.   BACKGROUND**

In 2003, Defendant Flynn and the Government reached a pre-indictment plea agreement for attempted receipt of child

1  pornography in violation of 18 U.S.C. § 2252A(a)(2)(B).  The
2  Information in the first case, CR 04-01332, charged Flynn with one
3  count of attempting to receive child pornography.  (Def.'s Mot,
4  Exh. A.)  The Government represents that if Flynn did not enter the
5  plea agreement, then it otherwise intended to charge actual receipt
6  of child pornography 18 U.S.C. § 2252A(a)(2).  (Gov't's Mot. 7.)
7       On September 19, 2003, Flynn signed the plea agreement. On
8  November 3, 2003, he entered a guilty plea.  On May 13, 2005, he
9  was sentenced.  On May 2, 2006, Flynn filed a 28 U.S.C. § 2255
10 petition seeking to set aside his plea.  Flynn contended that he
11 received ineffective assistance of counsel because he was not
12 informed of that sex offender registration was a lifetime
13 requirement.  On November 6, 2007, for reasons stated on the
14 record, the Court denied Flynn's petition.  The Court later granted
15 a certificate of appealability.  Flynn has appealed to the Ninth
16 Circuit.
17      As the statute of limitations for indicting Flynn was set to
18 run in May 2008, the Government sought to charge Flynn with actual
19 receipt of child pornography in the event that Flynn's appeal were
20 successful.  The Government asked if Flynn would enter a tolling
21 agreement.  The Government informed Flynn that it could
22 alternatively indict Flynn for actual receipt of child pornography,
23 and asked if Flynn would stipulate to a stay of those proceedings
24 pending an appeal.  The Government made clear that it would dismiss
25 the indictment if Flynn's appeal is unsuccessful, but would pursue
26 the indictment if Flynn's appeal is successful.  Flynn refused both
27 requests.
28

The Government thereafter filed an indictment for actual receipt of child pornography, CR 08-00362. The Government now moves to stay those proceedings pending Flynn's appeal. Flynn brings a motion to dismiss the indictment on "double jeopardy" grounds.

**II. DISCUSSION**

A district court has broad inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." See, e.g., Link v. Wabash Railroad, 370 U.S. 626, 630-31 (1962) (citation omitted). Here, the Court finds that a stay of proceedings is appropriate pending the outcome of Defendant Flynn's pending appeal.

In the Motion to Dismiss the Indictment, Flynn contends that the Double Jeopardy Clause has been violated because he was first indicted and convicted by plea agreement for attempted receipt of child pornography, he has now been indicted for actual receipt of child pornography, and that these two indictments are for the "same offense."[1] (Def.'s Mot. 8.) It is reasonable for Flynn to raise these arguments, but whether the Court will need to resolve the double jeopardy issue turns on the outcome of Flynn's appeal. If Flynn loses his appeal and the Ninth Circuit declines to set aside the guilty plea, then the attempted receipt of child pornography

---

[1] "The Double Jeopardy Clause of the Fifth Amendment . . . provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Brown v. Ohio, 432 U.S. 161, 164 (1977). It protects a defendant against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. Ohio v. Johnson, 467 U.S. 493, 498 (1984).

3

conviction will stand and the Government will dismiss the current indictment.  A loss on appeal, in other words, moots the issue of double jeopardy.

A stay, therefore, is appropriate until Flynn's appeal is resolved.  This decision is supported by the Court's inherent authority to stay proceedings, but also by Federal Rule of Criminal Procedure 12(d) which states that "the court must decide every pretrial motion before trial unless it finds good cause to defer ruling."  The procedural circumstances of this case provide good cause to defer ruling on the Motion to Dismiss the Indictment as an unsuccessful appeal vitiates the need to address the motion.  Moreover, as long as the current proceedings are stayed pending Flynn's appeal, the prosecution on the current indictment cannot go forward.  If Flynn's appeal is successful, however, the stay will end.  The Court would then have the opportunity to make a pretrial determination regarding double jeopardy and related issues.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's Motion to Stay Proceedings.  The Court stays the proceedings pending the outcome of Flynn's appeal in the underlying case.  The Court defers ruling on Defendant Flynn's Motion to Dismiss the Indictment.

IT IS SO ORDERED.

Dated: July 24, 2008

DEAN D. PREGERSON
United States District Judge

4